**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GREGORY JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-cv-6410 |
| ) | |
| THE BANK OF NEW YORK, et al., ) | Judge Robert M. Dow, Jr. |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

In this diversity action, Plaintiff Gregory Jackson filed an amended complaint against The Bank of New York ("BONY"), Litton Loan Servicing, LP ("Litton"),[1] and Safeguard Properties Inc. ("Safeguard"), as well as unknown foreclosure-related businesses and individuals.[2] Before the Court are Safeguard's motion [24] and BONY and Litton's motion [28] to dismiss for failure to state a claim. For the reasons stated below, the motions [24, 28] are granted in part and denied in part.

**I.  Background**[3]

Plaintiff resided at 22980 Kristine Lane in Richton Park, Illinois, with his wife, Karen. The property was held in Karen's name; she had a mortgage with BONY. When the couple

---

[1] The amended complaint also names Larry Litton, Sr., Janice McClure, Dee A. Lerma, Elizabeth Folk, and Shane Ross as partners of Litton, presumably for diversity purposes. The Court will refer to all of these parties collectively as "Litton."

[2] The amended complaint also names William Jackson, Charmane Q. Powells, and Sandra Salinas. Jackson is alleged to be a contractor retained by Safeguard to perform services on Plaintiff's property. Powells and Salinas are merely alleged to have been under the control of one or more of the corporate defendants.

[3] For purposes of the motions to dismiss, the Court assumes as true all well-pleaded allegations set forth in the amended complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

1

divorced, Plaintiff was awarded the residence and attempted to modify the mortgage with Litton. In December 2008, BONY obtained a foreclosure judgment against Karen but did not act on it. Thereafter, Plaintiff began traveling between Illinois and Arizona but kept most of his personal possessions in Illinois. In August 2009, the property was sold out of foreclosure, with a confirmation hearing scheduled for late October. Although Plaintiff was never told about the sale, at some point, Litton informed him that he had until December 1, 2009, to vacate the premises.

On September 18, 2009, Safeguard, acting on behalf of Litton as servicing agent for BONY and unknown businesses and/or individuals, changed the locks, winterized the house, and removed Plaintiff's personal property, all without prior notice or judicial authorization. Plaintiff discovered what Defendants had done when he returned from Arizona in late September. Plaintiff demanded return of his personal property to no avail. On November 6, 2009, BONY finally requested and received a judicial sale deed.

On September 14, 2011, Plaintiff filed an initial complaint, which he has since amended. The amended complaint alleges seven counts: Count I (trespass against all Defendants), Count II (conversion against all Defendants), Count III (negligence against BONY, Litton, Safeguard, and the unknown businesses and individuals), Count IV (intentional infliction of emotional distress against all Defendants), Count V (invasion of privacy against all Defendants), Count VI (willful and wanton conduct against all Defendants), and Count VII (violation of the Illinois foreclosure statute, 735 ILCS 5/15, against BONY and Litton). In the introduction section of the amended complaint, Plaintiff also alleged that he was bringing claims for: 1) negligent infliction of emotional distress, 2) breach of contract, and 3) violation of the Illinois Consumer Fraud and Deceptive Business Practice Act.

BONY and Litton filed a motion to dismiss all counts for failure to state a claim. Safeguard filed a motion to dismiss Counts IV and V for failure to state a claim.

## II. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "'fair notice of what the * * * claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at 1969. The Court accepts as true all well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn from them. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## III. Analysis

### A. Plaintiff's Claims for Negligent Infliction of Emotional Distress, Breach of Contract, and Violation of the Illinois Consumer Fraud and Deceptive Business Practice Act

As an initial matter, the Court notes that while the body of the amended complaint is separated into *seven*, separately labeled counts, in the introduction, Plaintiff briefly states that he is bringing claims for *nine* counts, including: 1) negligent infliction of emotional distress, 2) breach of contract, and 3) violation of the Illinois Consumer Fraud and Deceptive Business

3

Practice Act.[4] BONY and Litton argue that Plaintiff has failed to state a claim for these actions. The Court agrees. The structure of Plaintiff's amended complaint intentionally obscures these three claims, such that Defendants are not provided with fair notice of what the claims are or against whom they are asserted. Accordingly, these claims are dismissed *sua sponte* as to all Defendants.

B. **Plaintiff's Agency Claims Against BONY and Litton**

BONY and Litton argue that Counts I through VII should be dismissed because Plaintiff has failed to plead the existence of an agency relationship between BONY, Litton, and Safeguard. Under Illinois law, an agency relationship exists when "the alleged principal has the right to control the manner and method in which work is carried out by the alleged agent and [when] the alleged agent can affect the legal relationships of the principal." *Chemtool, Inc. v. Lubrication Techs., Inc.*, 148 F.3d 742, 745 (7th Cir. 1998) (internal quotation omitted). "To plead the existence of an agency relationship, the plaintiff must allege some factual predicate (even though generalized rather than evidentiary in nature) to create the inference of agency." *Azimi v. Ford Motor Co.*, 977 F. Supp. 847, 851 (N.D. Ill. 1996) (internal quotation omitted).

Here, Plaintiff alleges that BONY held the mortgage and sold the home out of foreclosure. He also alleges that he tried to modify the mortgage with Litton, a mortgage servicer, and that Litton supplied him with a date to vacate the premises. Finally, Plaintiff alleges that Safeguard, an asset management company, winterized the property. Plaintiff argues that these facts, when viewed in the light most favorable to him, supply a factual predicate for his more conclusory allegation that Safeguard acted on behalf of BONY and Litton with regard to the property.

---

[4] Plaintiff's introduction omits the separately labeled count (Count VI) for willful and wanton conduct.

The Court agrees. It may well be that Safeguard was not, in fact, acting as Litton's or BONY's agent because BONY and Litton did not have "the right to control the manner that the work is done." See *Taylor v. Kohli*, 642 N.E.2d 467, 468-69 (Ill. 1994). But for now, BONY and Litton have failed to persuade the Court that Plaintiff's allegations are insufficient to survive a motion to dismiss. *Cf. Williams v. Ford Motor Co.*, 990 F. Supp. 551, 555 (N.D. Ill. 1997) (finding plaintiff had not adequately alleged actual authority where he maintained that the agent acted independently in imposing an illegal fee). Thus, Plaintiff's claims against BONY and Litton survive on this ground.

### C. Count I (Trespass)

BONY and Litton argue that Count I should be dismissed because Plaintiff has failed to state a claim for trespass. Under Illinois law, trespass requires "negligent or intentional conduct by the defendant which has resulted in an intrusion on the plaintiff's interest in exclusive possession of land." *Village of DePue, Ill. v. Viacom Int'l, Inc.*, 632 F. Supp. 2d 854, 865 (C.D. Ill. 2009). BONY and Litton argue, without support, that Plaintiff lacks standing to assert this claim because he admits that he did not own the property. The Court disagrees. Illinois law dictates that the proper plaintiff in a trespass action is the party with actual or constructive possession of the premises. See *Halligan v. Chi. & Rock Island R.R. Co.*, 15 Ill. 558, 1854 WL 4737, at *1 (Ill. 1854). Thus, Count I survives.

### D. Count II (Conversion)

BONY and Litton argue that Count II should be dismissed because Plaintiff has failed to state a claim for conversion. Under Illinois law, to prove conversion, a plaintiff must establish that: 1) he has a right to the property; 2) he has an absolute and unconditional right to the immediate possession of the property; 3) he made a demand for possession; and 4) the defendant

5

wrongfully and without authorization assumed control, dominion, or ownership over the property. *Loman v. Freeman*, 890 N.E.2d 446, 461 (Ill. 2008) (internal quotation omitted). Here, Plaintiff alleges that the premises he lawfully possessed contained his personal property, which was removed without authorization by BONY's and Litton's agents, and which was not returned despite Plaintiff's demands. BONY and Litton fail to illustrate any deficiency in these allegations. Thus, Count II survives.

### E. Counts III and VI (Negligence and Willful and Wanton Conduct)

BONY and Litton argue that Counts III and VI should be dismissed because Plaintiff has failed to state claims for negligence and willful and wanton conduct. Under Illinois law, to prove either willful and wanton conduct or negligence, a plaintiff must establish: 1) the existence of a duty owed by the defendant to the plaintiff, 2) a breach of that duty, and 3) an injury proximately caused by the breach. *Kirwan v. Lincolnshire-Riverwoods Fire Prot. Dist.*, 811 N.E.2d 1259, 1263 (Ill. App. Ct. 2004). In addition, to prove willful and wanton conduct, a plaintiff must also show "either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff." *Id.* (internal quotation omitted).

BONY and Litton contend that Plaintiff fails to state a claim because he alleges no duty under Illinois law. The Court agrees. The amended complaint alleges that BONY and Litton owed Plaintiff a duty arising from the contractual mortgagor-mortgagee relationship. But Plaintiff alleges that his ex-wife, Karen, was the mortgagor; Plaintiff thus had no contractual relationship with BONY and Litton. And even if he did, the *Moorman* doctrine denies a remedy in tort to a party whose complaint is rooted in contract. See *Moorman Mfg. Co. v. Nat''l Tank Co.*, 435 N.E.2d 443 (Ill. 1982).

Nevertheless, Plaintiff argues that his claims should not be dismissed because there *might* be "extra-contractual duties" between the parties, citing *Geimer v. Bank of America, N.A.*, 784 F. Supp. 2d 926, 934 (N.D. Ill. 2011). In *Geimer*, the court refused to dismiss a negligence claim in light of the Seventh Circuit's suggestion, see *Mut. Serv. Cas. Ins. Co. v. Elizabeth State Bank*, 265 F.3d 601, 618-19 (7th Cir. 2001), that an extra-contractual duty between banks and their depositors might permit a claim. However, to repeat, there is *no* contractual relationship between Plaintiff and BONY or Litton. Plaintiff therefore fails to support his assertion that Illinois would recognize a duty under these circumstances. See *LaSalle Bank Nat'l Ass'n v. Paramont Props.*, 588 F. Supp. 2d 840, 852 (N.D. Ill. 2008) (noting that, to state a negligence claim, an extra-contractual duty "must also be a duty recognized by Illinois law"). Thus, Counts III and VI are dismissed without prejudice as to BONY and Litton.

### F. Count IV (Intentional Infliction of Emotional Distress)

Safeguard, BONY, and Litton argue that Count IV should be dismissed because Plaintiff has failed to state a claim for intentional infliction of emotional distress. Under Illinois law, to prove intentional infliction of emotional distress, a plaintiff must show that: 1) the conduct involved was truly extreme and outrageous; 2) the actor either intended that his conduct inflict severe emotional distress, or knew that there was at least a high probability that his conduct would cause severe emotional distress; and 3) the conduct did cause severe emotional distress. *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001).

Safeguard, BONY, and Litton contend that Plaintiff fails to state a claim because the conduct alleged was neither extreme nor outrageous. The Court agrees. "[F]or conduct to be deemed outrageous, it must go beyond all bounds of human decency." *Hegy v. Cmty. Counseling Ctr. of Fox Valley*, 158 F. Supp. 2d 892, 898 (N.D. Ill. 2001) (internal quotation

omitted). Here, Plaintiff alleges that Safeguard, as agent for BONY and Litton, performed winterization and property preservation services too early, thereby seizing his property unlawfully. Plaintiff also alleges that he was in Arizona at the time, so he had no interaction with the actors. There is nothing objectively outrageous about this conduct. See, *e.g.*, *Rumbold v. Town of Bureau*, 581 N.E.2d 809, 817 (Ill. App. Ct. 1991) (affirming dismissal where defendants allegedly used their purported authority to seize plaintiff's grain); *c.f. McGrath v. Fahey*, 533 N.E.2d 806, 812 (Ill. 1988) (affirming denial of motion to dismiss where defendants "allegedly engaged in conduct very much akin to extortion" and "[t]he conduct persisted despite the alleged fact that defendants had reason to believe that plaintiff might well be susceptible to heart disease"). Thus, Count IV is dismissed without prejudice as to BONY, Litton, and Safeguard.

### G. Count V (Invasion of Privacy)

Safeguard, BONY, and Litton argue that Count V should be dismissed because Plaintiff has failed to state a claim for invasion of privacy. Safeguard argues that the claim is barred by the statute of limitations encompassed in 735 ILCS 5/13-201.[5] That statute provides that "[a]ctions for slander, libel or for *publication* of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued." *Id.* (emphasis added). Despite the statute's plain language, the court in *Hrubec v. National Railroad Passenger Corp.*, 778 F. Supp. 1431, 1435 (N.D. Ill. 1991), rejected the argument that Section 13-201 applies only to privacy torts involving publication of materials. But as noted by the Illinois Appellate Court in *Benitez v. KFC National Management Co.*, 714 N.E.2d 1002, 1007-08 (Ill. App. Ct. 1999),

---

[5] A statute-of-limitations defense can be resolved at the motion-to-dismiss stage where the relevant facts are readily ascertainable and not subject to reasonable dispute. See *Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012).

8

*Hrubec* and the case it relied on, *Juarez v. Ameritech Mobile Communications, Inc.*, 746 F. Supp. 798 (N.D. Ill. 1990),[6] contain no independent analysis. The Court finds *Benitez* persuasive and therefore holds that Section 13-201 does not apply to Plaintiff's privacy claim. Thus, Count V survives on this ground.

BONY and Litton make a different argument. They contend that Plaintiff's factual allegations are deficient. Under Illinois law, to prove a violation of privacy for intrusion upon seclusion, a plaintiff must show: 1) there was an unauthorized intrusion into seclusion; 2) the intrusion would be highly offensive to a reasonable person; 3) the matter intruded upon was private; and 4) the intrusion caused anguish and suffering. *Cooney v. Chi. Pub. Sch.*, 943 N.E.2d 23, 32 (Ill. App. Ct. 2010). BONY and Litton argue that Plaintiff fails to allege that the matter intruded upon was private. The Court disagrees. Plaintiff alleges that Defendants invaded his home, where he kept private papers containing personal information. These facts are sufficient to allege that the matter intruded upon was private. See *Lovgren v. Citizens First Nat'l Bank of Princeton*, 534 N.E.2d 987, 989 (Ill. 1989) (listing examples forming the basis for the tort of intrusion, including invading someone's home); *c.f. Acosta v. Scott Labor LLC*, 377 F. Supp. 2d 647, 652 (N.D. Ill. 2005) (dismissing intrusion claim for insufficiently alleging private facts where plaintiff was videotaped at work). Thus, Count V survives on this ground as well.

H.     **Count VII (Violation of the Illinois Foreclosure Statute)**

BONY and Litton argue that Count VII should be dismissed because Plaintiff has failed to state a claim under the Illinois foreclosure statute, 735 ILCS 5/15. The Court agrees. Plaintiff's allegations are so broad and vague that, like BONY and Litton, the Court is unable to

---

[6] *Juarez* was affirmed on appeal, but the issue there was whether "the district court erred in holding that [plaintiff's] invasion of privacy claim was time-barred because the Illinois statute of limitations was tolled by her timely filing of a discrimination charge with the [EEOC]." *Juarez v. Ameritech Mobile Commc'ns, Inc.*, 957 F.2d 317, 322 (7th Cir. 1992).

determine the claim.  Moreover, Plaintiff makes no attempt to clarify his allegations in his response to BONY and Litton's motion to dismiss.  Thus, Count VII is dismissed without prejudice as to BONY and Litton.

**IV.	Conclusion**

For these reasons, the motions to dismiss [24, 28] are granted in part and denied in part.  Safeguard's motion [24] to dismiss is granted with respect to Count IV.  BONY and Litton's motion [28] to dismiss is granted with respect to Counts III, IV, VI, and VII.  In addition, Plaintiff's claims for negligent infliction of emotional distress, breach of contract, and violation of the Illinois Consumer Fraud and Deceptive Business Practice Act are dismissed without prejudice as to all Defendants.  If Plaintiff believes that he can overcome some or all of the pleading deficiencies identified above, he may file a motion for leave to file a second amended complaint within 21 days of the date of this order.  Otherwise, the case will proceed with the remaining counts.

Dated:  June 28, 2012    _____
Robert M. Dow, Jr.
United States District Judge